## Baden Borough School District Surcharge

*Wayne S. Luce*, for appellants.

*Robert L. Orr*, for auditors.

SOHN, J., March 20, 1961.— . . . This case related to a simple factual issue. The school board accumulated funds to have available when new buildings were needed and additional funds could be secured. The directors were concerned with having funds readily available and liquid. Investment was limited to United

States Government Bonds. Bonds in the amount of $19,000 matured 15 months prior to the audit. The school directors were not aware of the fact that the bonds had matured. The legal issue is whether or not the surcharge by the auditors should be sustained.

It must first be indicated that the accumulated funds were not established under the school code, but were established under the Post War Projects Act.

The Post War Projects Act of April 30, 1943, P. L. 145, sec. 3, as amended, 53 PS §1433, contains the following provision:

"The moneys in the fund shall be kept separate and apart from any other fund by the treasurer of the municipality, and the moneys in the special fund may be invested by the corporate authorities of the municipality in securities legal for the investment of the sinking fund moneys of the municipality. The interest earnings on investments shall be paid into the special fund. The corporate authorities may sell any such securities and reinvest the moneys in other securities or convért such securities into cash when the same may be needed for expenditure under the provisions of this act."

The language of the statute is conclusive as to the issue in the case. The statute provides that the funds *may* be invested. It also provides that interest earned *shall* be paid into the special fund. If the legislature had intended to require investment of the funds, it would have so indicated. Obviously, discretion as to investment is vested in the school board. The auditors, or the court, cannot impose a duty which does not exist. The directors cannot be surcharged for failure to do that which is not required of them. The surcharge is not supported in law. . . .

### Order

And now, to wit, March 20, 1961, for the reasons stated in the foregoing opinion, it is ordered, adjudged

and decreed that the appeal of Clarence Wolz, George R. Chamberlain, C. J. Dumeyer, Mrs. Irene Finatri and Adam Alberts be, and it is hereby sustained, and the surcharge against them is removed. Costs to be paid by the School District of the Borough of Baden.